UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DARIA CRAWFORD, on behalf of herself and other individuals similarly situated,<br><br>         Plaintiffs,<br><br>  against<br><br>BOARD OF REGENTS OF GEORGETOWN UNIVERSITY; and other affiliated entities and individuals,<br><br>         Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Named Plaintiff Daria Crawford (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This class action is brought on behalf of Named Plaintiff Daria Crawford and those similarly situated who paid tuition and fees for the Spring 2020 semester at Georgetown University. As a result of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19"), Plaintiffs did not receive the benefit and services that they bargained for when they provided payment for tuition and fees.

2. Plaintiffs and Defendants entered into a contract where Plaintiffs would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.

3. On or around March 11, 2020, Georgetown University canceled all in-person education and in-person educational services, then transitioned to complete online education.

1

4. Based on these closures, Defendants have failed to uphold their end of the contract to provide in-person educational services, experiences, and opportunities.

5. Despite Defendants' failure to provide the services and experiences as bargained for, Defendants have not offered any refund of the tuition and fees that Plaintiff and the Class paid.

**FACTS**

6. Plaintiff and Class Members are individuals that paid tuition and fees for the Spring Semester 2020 at Georgetown University.

7. Defendants accepted Plaintiff's and Class Members' payments in exchange for educational services, experiences, and opportunities as detailed in Defendants' marketing, advertisements, and other public representations.

8. Based on the academic schedule, the Spring 2020 semester at Georgetown University commenced on or around Jan. 8, 2020, and it was scheduled to conclude on or around May 9, 2020.

9. Named Plaintiff Daria Crawford was a full-time undergraduate student during Spring 2020 semester. Georgetown University charged plaintiff more than $28,000 in tuition and fees during the Spring 2020 semester.

10. Plaintiffs paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire period beginning in or around January 2020 through May 2020.

11. According to Georgetown's website, the average tuition and fees cost per semester at Georgetown University is approximately $28,692.00 before certain fees.

12. On or around March 11, 2020, Georgetown University announced that because of COVID-19 they would suspend and cancel all in-person classes and college experiences for the

remainder of the Spring Semester 2020 beginning on or around March 22, 2020 (following Spring Break recess) and that all learning would transition to online.

13. Defendants were unable to provide in-person educational experiences, services, and opportunities for a significant portion of the Spring 2020 semester.

14. Prior to the suspension of in-person classes for the Spring 2020 semester, Plaintiff Crawford attended campus events and was involved in student activities and/or clubs.

15. As a result of Defendants' closure, Defendants have not complied with their obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiff and the Class paid for.

16. Plaintiff and the Class did not enter into an agreement with Defendants for online education, but rather sought to receive in-person education from Defendants' institution.

17. Therefore, Plaintiff and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendants for in-person educational services as well as other marketed collegiate experiences and services that were not provided.

## JURISDICTION AND VENUE

33. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

34. This court has personal jurisdiction over Defendants because Defendants maintains its principal place of business in this District.

35. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants' operate their primary campus within this district.

## PARTIES

36. Named Plaintiff Daria Crawford is a student and a resident of Newton, Massachusetts. Plaintiff was enrolled as a full-time undergraduate student at Georgetown University during the Spring 2020 semester. Plaintiff graduated at the conclusion of the semester. Plaintiff has not received any refund for tuition and fees paid to Defendants, despite the fact that the University has been shut down since on or about March 11, 2020.

37. Defendant Board of Regents of Georgetown University ("Georgetown University") is a constitutional entity that coordinates the board of control for the entire District of Columbia whose principal place of business is located in Washington, D.C.

## CLASS ALLEGATIONS

38. Plaintiff brings this matter on behalf of herself and those similarly situated. As detailed in this Complaint, Defendants failed to provide the in-person education services the Plaintiffs paid tuition and fees to receive during the Spring Semester 2020.

39. Plaintiffs were impacted by and damaged by this misconduct.

40. Accordingly, this action is ideally situated for class-wide resolution.

41. The Class is defined as all individuals who paid tuition and fees to Georgetown University to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020. ("Class").

42. The Class is properly brought and should be maintained as a class action under

FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

43. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of individuals who are Class Members described above who have been damaged by Defendants breach of contract.

44. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a. Whether Defendants accepted money from Plaintiff and Class Members in exchange for a promise to provide services;
   b. Whether Defendants provided those services as bargained for;
   c. Whether Plaintiff and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided.;
   d. Whether Defendants were unjustly enriched;
   e. Whether Defendants converted money from the Plaintiff and Class Members.

45. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendants breach of contract, unjust enrichment and conversion. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

46. <u>Adequacy</u>: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent; her claims are common to all members of the Class, and she has a strong interest in vindicating her rights; she has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and her counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to

Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

47. The Class is properly brought and should be maintained as a class action under FRCP 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices.

48. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

49. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

   a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;
   b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;
   c. When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;
   d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;
   e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;
   f. This class action will assure uniformity of decisions among Class Members;
   g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;
   h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action; and
   i. It would be desirable to concentrate in this single venue the litigation of all

plaintiffs who were induced by Defendants' deceptive and discriminatory consumer practices.

50. Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

51. Plaintiff and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and All Class Members)**

52. Plaintiff, on behalf of herself and other members of the class, brings a common law claim for Breach of Contract.

53. By accepting payment, Defendants entered into contractual arrangements with Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020.

54. Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services from January through May 2020.

55. Defendants received and retained the benefits without providing those benefits to Plaintiff and Class Members.

56. As a direct and proximate result of Defendants' breach of contract, Plaintiff and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the Spring Semester 2020.

57. Defendants are required to perform under the contract and COVID-19 does not

excuse such performance. Therefore, Defendants should be required to return pro-rata shares of the tuition and fees paid by Plaintiff and Class Members that related to services that were not provided for after the Georgetown University shut down on or around March 11, 2020.

## SECOND CAUSE OF ACTION
## CONVERSION
**(On Behalf of Plaintiff and All Class Members)**

58. Plaintiff, on behalf of herself and other members of the Class, brings a common law claim for Conversion.

59. Plaintiff and Class Members have an ownership right to the in-person educational services based on their payment of tuition and fees for the Spring Semester 2020.

60. Defendants intentionally interfered with Plaintiff and the Class Members ownership right when they canceled in-person instructions for the remainder of the Spring Semester 2020.

61. Plaintiff and the Class Members were damaged by Defendants' interference as they paid for educational, experience, and services for the entirety of the Spring Semester 2020 which were not provided.

62. Plaintiff and the Class Members are entitled to a pro-rata share of the tuition and fees they paid for but were not provided resulting from Defendants' interference.

## THIRD CAUSE OF ACTION
## COMMON LAW UNJUST ENRICHMENT
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

63. Plaintiff, on behalf of herself and other members of the class, brings a common law claim for unjust enrichment.

64. Plaintiff and Class Members conferred financial benefits and paid substantial tuition and fees to Defendants for educational and related services for the Spring Semester 2020. As bargained for these tuition and fee payments were intended to cover in-person education throughout the entire Spring Semester 2020 of January through May 2020.

65. Defendants accepted the obligation to provide such services when they accepted payment.

66. Defendants retained these payments, despite Defendants' failing to provide the bargained for educational, experiences, and services for which the tuition and fees were collected to cover. Defendants should be required to return a pro-rate share of any Spring Semester 2020 tuition and fees, of which services were not provided as bargained for, since Georgetown University shut down on or around March 11, 2020.

67. Under common law principles of unjust enrichment, it is inequitable for Defendants to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

68. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL AND DECEPTIVE TRADE PRACTICES**
**IN VIOLATION OF THE CPPA**
**(On Behalf of Plaintiff, All Class Members, and**
**on behalf of the General Public of the District of Columbia)**

69. Plaintiff, on behalf of himself, other Class Members, and the general public of the District of Columbia, files this action pursuant to D.C. Code § 28-3905(k).

70. When the CPPA was enacted in 1976, it gave the Department of Consumer and Regulatory Affairs ("DCRA") the role of "principal consumer protection agency of the District of

Columbia government." Section 28-3902(a). The statute contemplated that DCRA would have broad authority to investigate unlawful trade practices and adjudicate consumer complaints.

71. However, beginning in 1994, because of budget shortfalls, the City Council indefinitely suspended the DCRA's enforcement authority. In April 1999, the Antitrust, Trade Regulation and Consumer Affair Section of the D.C. Bar published a report that recommended changes in the consumer protection enforcement mechanism.

72. That report cited "critical shortfalls" in the District's consumer protection system and noted that "[s]uspension of DCRA's authority removed the primary mechanism for halting unlawful trade practices, and prohibited D.C's consumer protection agency from enforcing the law," and that "public interest organizations, and the bar do not have an enumerated authority to halt illegal practices through injunctive relief and disgorgement of ill-gotten gain in the public interest." The report recommended that public interest organizations and the private bar "be statutorily enabled to seek injunctive relief and disgorgement of illegal proceeds."

73. Following the issuance of the Bar Report, the City Council amended the CPPA in late 2000 (effective 2001). The changes included permitting a "person" (as opposed to a "consumer") to bring a case in court and eliminating the requirement that such a lawsuit be filed by someone who "suffers any damage as a result of the use or employment by any person of a trade practice in violation of a law of the District of Columbia within the jurisdiction of the Department." The District's 2000 budget act continued "defunding" DCRA consumer protection, demonstrating intent to place enforcement in private hands. 76. On January 25, 2013, the D.C. Council enacted the Consumer Protection Amendment Act of 2011, which became effective on April 23, 2013. Among other things, the amendments added provisions allowing "testers" to bring claims on behalf of the general public. The amendments also added a provision specifying that the CPPA establishes an enforceable right to truthful information from merchants.

74. Plaintiff, on behalf of himself, other Class Members, and the general public of the

District of Columbia, files this action pursuant to D.C. Code § 28-3905(k) for Defendants' unfair and deceptive practices.

75. Defendants' online education, paid for by Plaintiff and Class Members, contradicted representation made about their educational services, including that Plaintiff and the Class Members would receive in-person educational services, experiences, and opportunities, constituting an unfair and deceptive trade practice pursuant to DC Code § 28-3904 in that Defendant:

    a. Represented that goods or services have characteristics, uses, and benefits that they do not have;

    b. Represented that its services are of a particular standard, quality, and style when, in fact, they are of another;

    c. Misrepresented as to a material fact that has a tendency to mislead;

    d. Failed to state a material fact that tended to mislead;

    e. Used innuendo or ambiguity as to a material fact, which has a tendency to mislead;

    f. Made unconscionable terms or provisions of a sale as demonstrated by, among other factors, the gross disparity between the price of the services and the value of the services measured by the price at which similar services are readily obtainable in transactions by like buyers;

    g. Otherwise misleads.

76. The above material misrepresentations and omissions affect the general public's ability to comparison shop for higher education programs by materially misleading about the contents and quality of the educational services, experiences, and opportunities offered at American University.

77. Defendants' cancellation of in-person education and complete transition to online-only education, was in direct contradiction to the representations made in Defendants' marketing, advertisements, and other public representations. Defendants' misrepresentations and omissions regarding the availability of in-person educational services is an unfair and deceptive trade practice pursuant to D.C. Code § 28-3904.

78. Defendants' misrepresentations and omissions regarding the nature of their educational services constitute an unfair trade practice. This is so because Defendants' marketing (1) offends public policy, and (2) is immoral, unethical, oppressive, and unscrupulous.

79. Defendants' misrepresentations and omissions are also unfair in that they resulted in economic harm of a nature that could not have been reasonably avoided by consumers such as Plaintiff and Class Members.

80. As a result of these material misrepresentations, Plaintiff suffered financial loss in that he would not have paid the tuition and fees for the Spring 2020 Semester or would have paid a much lower amount in tuition.

81. D.C. Code § 28-3901(c) establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

82. As a result of Defendants' unfair and deceptive trade practices detailed herein, Plaintiff and consumers in the District of Columbia were deprived of truthful information regarding American University's educational services, experiences, and opportunities offered.

83. Plaintiff and the Class Members seek actual damages, statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees for himself and Class Members.

## **DEMANDS FOR RELIEF**

84. Plaintiff demands a trial by jury on all issues.


**WHEREFORE,** Plaintiff, on behalf of herself and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying

  Plaintiff as the representative of the Class under FRCP 23;

(b) Awarding monetary damages, including damages;

(c) Awarding punitive and treble damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including a reasonable allowance of attorney's fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated: June 11, 2020

                Respectfully submitted,

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq., #985718
Nidel & Nace, PLLC
2201 Wisconsin Ave., NW
Suite 200
Washington, DC 20007
202-780-5153
jon@nidellaw.com

**THE SULTZER LAW GROUP, P.C.**
Jason P. Sultzer, Esq.
Adam Gonnelli, Esq.
Jeremy Francis, Esq.
sultzerj@thesultzerlawgroup.com
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Telephone: (854) 705-9460
*(To be admitted Pro Hac Vice)*

&

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.

One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
*(To be admitted Pro Hac Vice)*

*Counsel for Plaintiff and the Putative Class*