## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DARIA CRAWFORD and AHMED ABDELHAMID, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGETOWN UNIVERSITY,<br><br>Defendant. | Civil Action Nos. 20-cv-01539-CRC<br>20-cv-01886-CRC<br><br>**FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Daria Crawford ("Ms. Crawford") and Ahmed Abdelhamid ("Mr. Abdelhamid") (collectively, "Plaintiffs"), bring this action individually and on behalf of all others similarly situated against Defendant Georgetown University ("Georgetown" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiffs, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Georgetown, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or facilities for which their fees were paid, without having their tuition and fees refunded to them.

2.      Georgetown is a private research university in Washington D.C., with a total enrollment of approximately 19,000 students. Georgetown offers more than 40 undergraduate majors, as well as a number of graduate programs, including law and business.

2

3.     Plaintiffs and Georgetown entered into a contractual agreement where Plaintiffs would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the contractual agreement were set forth in publications from Georgetown University, including Georgetown University's Spring Semester 2020 Course Catalog ("Course Catalog"), the marketing materials, and Plaintiffs' acceptance letter.

4.     When Plaintiffs and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020at Georgetown including during the Spring Semester 2020, Plaintiffs and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying for selected courses.

5.     The Course Catalog provided Plaintiffs and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.  An exemplar of a class page from the Spring Semester 2020 Course Catalog is pasted below:



6.     Indeed, the Course Catalog specifically allows for students to search for courses to enroll in based on "Instructional Method," which includes an option for "In Person."[2]



7.     Other publications from Georgetown reference the in-person nature of the Spring

---

[1] https://myaccess.georgetown.edu/pls/bninbp/bwckschd.p_get_crse_unsec

[2] https://myaccess.georgetown.edu/pls/bninbp/bwckgens.p_proc_term_date?p_term=202010&p_calling_proc=bwckschd.p_disp_dyn_sched#_ga=2.245433156.1125784132.1597329094-686794316.1593096963

Semester 2020 course offerings, including course specific syllabi and the University's Student

Handbook of Academic Policies ("Academic Policies") which detail the policies, procedures,

and expectations of Georgetown Law students.[3]  The Academic Policies describe the rules

regarding in-person education and the importance of in-person class attendance.  *See id.* at 15,

Attendance, Examinations, And Written Work; Attendance and Participation: ("Regular and

punctual attendance at all class sessions is required.  Student participation is expected in all

courses. A student who, even though registered for a course, has not regularly attended,

participated, or otherwise met class requirements may be subject to any of the following, at the

professor's option: …. The student may be withdrawn; The student may be excluded from

attending class sessions; The student may be excluded from sitting for a final examination or

submitting a final paper (with the same consequences as a failure to appear for a final

examination or submit a final paper); and/or The student may receive a lowered or failing grade

in the course.")

      8.     Prior to Plaintiffs' enrollment at Georgetown, the University highlighted in

marketing materials, advertisements, and other documents that in-person educational

opportunities, experiences, and services were invaluable to Plaintiffs' educational experiences.

      9.     Plaintiffs made payments to the University based on promises made by

Georgetown in those documents in lieu of receiving education at other universities or academic

institutions.

      10.    Moreover, the Tuition and Mandatory Fees pages on the Georgetown Website,[4]

provide many of the policies and procedures regarding tuition and fees, and the in-person nature

---

[3] https://georgetown.app.box.com/s/qjr82yzdyo0rdao3xheynozx9h6969rv
[4] https://studentaccounts.georgetown.edu/tuition/law/#,
https://studentaccounts.georgetown.edu/tuition/undergraduate/#

of such.  For example, undergraduates and graduate students must each pay a "Student Activities

Fee," a "mandatory fee" that "fund[s] various activities throughout the year, including concerts,

lectures, performances, discussion groups, recreational opportunities, and other co-curricular

programs."[5]

11.     Georgetown's Spring Semester 2020 commenced on or around January 13, 2020,

and was scheduled to conclude on or around May 9, 2020.  Plaintiffs and Class Members'

payment of tuition and fees were intended to cover in-person education, experiences, and

services for the entirety of the Spring Semester 2020.

12.     On or about March 11, 2020, Georgetown, through a published notice, announced

that because of the global COVID-19 pandemic, all in-person classes would be suspended, and

that online classes would begin on March 16, 2020 (the first day after Spring Break).  The

university announced that the rest of Spring 2020 semester coursework would be offered solely

online.

13.     Georgetown did not hold in-person classes on or after March 6, 2020.  Classes

that continued after March 16, 2020 were only provided in an online format, at times with little

or no actual, real-time instruction from professors or instructors.

14.     As a result of the closure of Defendant's facilities, Defendant has not delivered

the educational services, facilities, experiences, access, and/or opportunities that Plaintiffs and

the putative class contracted and paid for.  The remote learning options were in no way the

equivalent of the in-person education that Plaintiffs and the putative class members contracted

and paid for.  As such, Defendant's educational services have diminished in value significantly

compared to the in-person education services that Defendant was providing prior to canceling in-

---

[5] https://studentaccounts.georgetown.edu/tuition/undergraduate/#sac

person classes.

15.     Georgetown did not provide in-person education, experiences, or related services for approximately 50% of the Spring Semester 2020.

16.     Nonetheless, Georgetown refuses to refund any tuition or mandatory fees for the Spring Semester 2020.

17.     Plaintiffs and the putative class did not enter into an agreement with Georgetown for online education, but rather sought to receive an in-person education from Georgetown. Plaintiffs and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services that have diminished in value or are not being provided at all.

18.     Through this lawsuit Plaintiffs seek, individually and on behalf of Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiffs seek a return of these amounts individually and on behalf of the Class as defined below.

## PARTIES

19.     Plaintiff Daria Crawford is a citizen of the United States with a residence in Massachusetts. Ms. Crawford was enrolled as a full-time undergraduate student at Georgetown University during the Spring 2020 semester and graduated at the conclusion of the Spring 2020 semester. Ms. Crawford paid more than $16,000 in tuition and fees to Defendant for Spring Semester 2020.

20.     Plaintiff Ahmed Abdelhamid is a citizen of the United States, and a citizen of the State of New Jersey.  Mr. Abdelhamid is a Georgetown law student who paid tuition for the Spring 2020 semester.  Mr. Abdelhamid paid approximately $32,274 in tuition and fees to Defendant for Spring Semester 2020.

21.     Plaintiffs have not received a refund for any portion of the Spring Semester 2020 tuition, or for student fees paid, despite that in-person classes have not been held since March 6, 2020 and the campus has been effectively shut down.  Since classes have switched to online format, Plaintiffs have not received the benefit of in-person instruction, meaningful student presentations, peer collaboration, or equivalent access to university faculty, facilities and services.  None of these resources were available to Plaintiffs while in-person classes were suspended through the end of the Spring Semester.  Georgetown's website outlines many of the policies and procedures regarding tuition and fees, and the in-person nature of such.  For example, Undergraduates must pay the "Student Activities Fee," a "mandatory fee" that "fund[s] various activities throughout the year, including concerts, lectures, performances, discussion groups, recreational opportunities, and other co-curricular programs" at a price of  $85.50 per semester, while graduate students are assessed a "Graduate Student Activity Fee" of $17.50 per semester.[6] Although each and every one of these fees supports on-campus services that were not available to Plaintiffs after March 6, 2020, Plaintiffs and class members have not been provided a refund of any of these fees.

22.     Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiffs consulted the Course Catalog and enrolled in courses for the Spring 2020 semester.  In

---

[6] https://studentaccounts.georgetown.edu/tuition/undergraduate/#sac,
https://studentaccounts.georgetown.edu/tuition/graduate/#

consulting the Course Catalog, Plaintiffs understood and believed that every course in which they enrolled was to be taught in-person.  Plaintiffs' understanding and belief was based on the course specifying an on-campus location where the course would be taught, as well as that the courses were listed as "Instructional Method:  In Person" on the Course Catalog search function.[7] Thus, the in-person nature of the courses was part of the benefit of the bargain, and Plaintiffs would not have paid as much, if any, tuition and fees for the Spring 2020 semester at Georgetown had they known that the courses would not, in fact, be taught in-person.

23.     Indeed, Plaintiffs' Spring 2020 semester schedule and syllabi, as exemplified on the Georgetown University student portal, show that each and every class in which he enrolled was to be taught in-person.  One such example is pasted below.



---



24.     Defendant Georgetown University is a private research university in Washington,

D.C., with its principal place of business at 3700 O Street NW, Washington, D.C. 20057.

## JURISDICTION AND VENUE

25.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A),

as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,

as defined below, is a citizen of a different state than Defendant, there are more than 100

members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of

interest and costs.

26.     This Court has personal jurisdiction over Defendant because many of the acts and

transactions giving rise to this action occurred in this District, and because Defendant is

domiciled in this District.

27.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant

resides in this District, and because many of the acts and transactions giving rise to this action

occurred in this District.

10

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

28.     Plaintiffs and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring Semester 2020 at Georgetown.

29.     Spring Semester 2020 classes at Georgetown began on or about January 13, 2020, and they ended on or about April 28, 2020.  Final exams for the semester concluded on or about May 12, 2020.

30.     Plaintiffs and Class members paid the cost of tuition for the Spring Semester 2020, as well as associated fees and costs.

31.     Examples of approximate tuition and mandatory fees costs at Georgetown for the Spring Semester 2020 are as follows:

- Undergraduate:  $28,692
- Graduate:  $2,214 per credit
- J.D.:  $33,436
- M.D.: $27,536
- MBA: $30,447

32.     The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, Georgetown Closed Campuses And Cancelled All In-Person Classes*

33.     On or about March 11, 2020, Georgetown, through a published notice, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended, and that online classes would begin on March 16, 2020 (the first day after Spring Break).  The

11

university announced that the rest of Spring 2020 semester coursework would be offered solely online.

34.     Georgetown did not hold in-person classes from March 6, 2020 through the end of the Spring Semester 2020.  Classes that continued were only offered in an online format, at times with little or no actual, real-time instruction from professors or instructors.

35.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  Plaintiffs and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

36.     Plaintiffs and members of the Class enrolled at Georgetown for in-person learning for the Spring 2020 semester.

37.     Defendant markets the Georgetown on-campus experience as a benefit of enrollment on Georgetown's website:

## Academic Life

We live at the intersection of teaching and doing, where learning is more than the transmission of knowledge, it is an act of collaboration and practice. Under the mentorship of our distinguished faculty, you'll go beyond the information to not just learn about your field, but also to learn your field's way of thinking. Through lectures, small group projects, independent studies, office hours, internships and more, you'll leave Georgetown with the intellectual skills of perception, analysis, interpretation and expression.

## A premier legal education with limitless opportunities in the nation's capital

Georgetown Law combines a premier legal education with limitless opportunities for hands-on experience. You will learn from a faculty of renowned scholars and leading practitioners across a wide variety of fields, including international, tax, environmental, and health law. Your classwork will prepare you for the experiential learning that truly sets Georgetown apart — in clinics and externships that allow you to make an impact, while building your resume in the city where laws are made, Washington, D.C.

As one of the largest U.S. law schools, with more than 120 full-time professors and an extensive roster of accomplished adjunct professors from across Washington's rich legal landscape, Georgetown Law offers the most comprehensive legal curriculum in the nation. We have all of the resources you need to work toward the career that you imagine, while providing a personalized education. Every staff member and service on our Capitol Hill campus is dedicated to helping our law students excel in the classroom and in their careers.

38. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at Georgetown are higher than tuition and fees for online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation; and

- Networking and mentorship opportunities.

39.     Through this lawsuit Plaintiffs seek, individually and on behalf of Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiffs seek return of these amounts individually and on behalf of the Class, as defined below.

## CLASS ALLEGATIONS

40.     Plaintiffs seek to represent a class defined as all people who paid Georgetown Spring Semester 2020 tuition and/or fees for in-person educational services that Georgetown failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

41.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

42.     **Numerosity.**  The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiffs reasonably estimate that there are tens of thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery.

Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

43.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class members contracted;

(c)     whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

(d)     whether Defendant has unlawfully converted money from Plaintiffs, the Class; and

(e)     whether Defendant is liable to Plaintiffs, the Class for unjust enrichment.

44.     **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiffs.

45.     **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiffs have no interests that are antagonistic to those of the

15

Class.

46.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

47.     In the alternative, the Class may also be certified because:

(a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to

the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class)

48.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

49.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

50.     Plaintiffs and Defendant entered into a contractual relationship where Plaintiffs would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Georgetown University, including the Spring Semester 2020 Course Catalog.[8]

51.     When Plaintiffs and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiffs and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying tuition and fees for those selected courses.  Defendant's Course Catalog constitutes an offer to enter a contractual agreement.

52.     The Course Catalog provided Plaintiffs and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which the courses would be held.

53.     Indeed, the Course Catalog search function allowed students to search and register

---

[8] https://myaccess.georgetown.edu/pls/bninbp/bwckschd.p_get_crse_unsec

for classes based on "Instructional Method:  In Person."

54.     Other publications from Georgetown reference the in-person nature of the Spring

Semester 2020 course offerings, including course specific syllabi and the University's Student

Handbook of Academic Policies ("Academic Policies") which detail the policies, procedures,

and expectations of Georgetown Law students.[9]  The Academic Policies describe the rules

regarding in-person education and the importance of in-person class attendance.

55.     Moreover, Georgetown's website outlines many of the policies and procedures

regarding tuition and fees, and the in-person nature of such.

56.     As part of the contract, and in exchange for the aforementioned consideration,

Defendant promised to provide certain services, all as set forth above.  Plaintiffs and the Class

members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020

tuition.  Tuition and fees for Spring Semester 2020 was intended to cover in-person educational

services from January through May 2020.  In exchange for tuition and fee monies paid, Class

members were entitled to in-person educational facilities and services through the end of the

Spring Semester.  But those services have not been provided and/or have diminished in value.

57.     Defendant failed to provide the contracted for services and has otherwise not

performed under the contract as set forth above.  Defendant has retained monies paid by

Plaintiffs and the Class for their Spring Semester 2020 tuition and fees, without providing them

the benefit of their bargain.

58.     Plaintiffs and members of the Class have suffered damage as a direct and

proximate result of Defendant's breach, including but not limited to being deprived of the

education, experience, and services to which they were promised and for which they have

---

[9] https://georgetown.app.box.com/s/qjr82yzdyo0rdao3xheynozx9h6969rv

already paid.

59.     As a direct and proximate result of Defendant's breach, Plaintiffs, the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

60.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class)**

61.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

62.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

63.     Plaintiffs and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition and fees for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition and fee monies paid, Plaintiffs and Class members were entitled to in-person educational facilities and services through the end of the Spring Semester.

64.     Defendant voluntarily accepted and retained this benefit by accepting payment.

65.     Defendant has retained this benefit, even though Defendant failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Defendant's services have not been provided and/or have diminished in value.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

66.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

**COUNT III**
**Conversion**
**(On Behalf Of The Class)**

67.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

69.     Plaintiffs and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

70.     Defendant intentionally interfered with the rights of Plaintiffs and the Class when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

71.     Plaintiffs and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in

value since Georgetown shut down.

72.     Defendant's retention of the fees paid by Plaintiffs and members of the Class without providing the educational services for which they paid, deprived Plaintiffs and Class members of the benefits for which the tuition and fees paid.

73.     This interference with the services for which Plaintiffs and members of the Class paid damaged Plaintiffs and Class members in that they paid tuition and fees for services that will not be provided.

74.     Plaintiffs and Class members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

**COUNT IV**
**Money Had And Received**
**(On Behalf Of The Class)**

75.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

76.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

77.     Plaintiffs and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

78.     Defendant has retained the monies paid by Plaintiffs and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

79.     Defendant is in possession of and holds money that belongs to Plaintiffs and the members of the Class in equity and good conscience.

80.     Defendant has been unjustly enriched by its retention of the funds Plaintiffs and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

81.     Defendant's unlawful retention of Plaintiffs' and Class Members' funds has damaged Plaintiffs and the members of the Class.

82.     Defendant owes Plaintiffs and members of the Class for money had and received, including, but not limited to, the amount of Plaintiffs' and Class Members' pro-rated tuition and fees for the Spring Semester 2020

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiffs and the Class reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  August 20, 2020                    Respectfully submitted,

                                    By:      */s/ Jonathan Nace*
                                             Jonathan Nace
                                             NIDEL & NACE PLLC
                                             One Church Street
                                             Suite 802
                                             Rockville, MD 20850
                                             202-780-5153
                                             jon@nidellaw.com

                                             Jason P. Sultzer (*Pro hac vice* forthcoming)
                                             THE SULTZER LAW GROUP P.C.
                                             85 Civic Center Plaza, Suite 200
                                             Poughkeepsie, NY  12601
                                             (845) 483-7100
                                             sultzerj@thesultzerlawgroup.com

                                             Joseph I. Marchese (*Pro hac vice* forthcoming)
                                             Philip L. Fraietta (*Pro hac vice* forthcoming)
                                             BURSOR & FISHER, P.A.
                                             888 Seventh Avenue
                                             New York, NY 10019
                                             Telephone: (646) 837-7150
                                             Facsimile: (212) 989-9163
                                             jmarchese@bursor.com
                                             pfraietta@bursor.com

                                             Sarah N. Westcot (*Pro hac vice* forthcoming)
                                             BURSOR & FISHER, P.A.
                                             2665 S. Bayshore Drive, Suite 220
                                             Miami, FL 33133
                                             Telephone: (305) 330-5512
                                             Facsimile: (305) 676-9006
                                             swestcot@bursor.com

                                             Jeffrey K. Brown (*Pro hac vice* forthcoming)
                                             Michael A. Tompkins (*Pro hac vice* forthcoming)
                                             Brett R. Cohen (*Pro hac vice* forthcoming)
                                             LEEDS BROWN LAW, P.C.
                                             1 Old Country Road, Suite 347
                                             Carle Place, NY 11514
                                             516.873.9550
                                             jbrown@leedsbrownlaw.com
                                             mtompkins@leedsbrownlaw.com
                                             bcohen@leedsbrownlaw.com

*Plaintiffs' Counsel*